**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LANCE DETHEROW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:14-cv-03411-MDH** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of his application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381 *et seq.* Plaintiff has exhausted his administrative remedies and the matter is ripe for judicial review.[1] After carefully reviewing the record, the Court finds the ALJ's opinion is supported by substantial evidence in the record as a whole. The decision of the Commissioner is **AFFIRMED**.

## BACKGROUND

The procedural history, facts, and issues of this case are contained in the record and the parties' briefs, so they are not repeated here. To summarize, this case involves a 35-year old man who applied for SSI benefits due to alleged mental illness and right knee impairments. The ALJ determined Plaintiff suffered from severe impairments of: residuals from an injury of the right knee, status post arthroscopy, and partial medial meniscectomy; hepatitis C; chronic bronchitis; obesity; and bipolar disorder. The ALJ concluded Plaintiff was not disabled after

---

[1] Plaintiff filed an application for SSI on April 3, 2012, alleging disability beginning April 26, 1997. Plaintiff's claim was initially denied on April 26, 2012. Upon Plaintiff's request, a hearing was held before an ALJ on February 27, 2013. The ALJ issued a decision on May 18, 2013, finding Plaintiff not disabled. Plaintiff appealed the ALJ's decision and the Appeals Counsel denied Plaintiff's request for a review on July 21, 2014. Plaintiff commenced the present suit on September 18, 2014.

1

finding he retained a residual functional capacity ("RFC") to perform light work with certain limitations[2] and, therefore, could perform work that exists in significant numbers in the national economy.  Plaintiff argues the ALJ erred by improperly weighing the medical opinions of record and by discounting Plaintiff's credibility.

## STANDARD

Judicial review of the Commissioner's decision is limited to whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3).  Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000).  This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it.  *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008).  That the reviewing court would come to a different conclusion is not a sufficient basis for reversal.  *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009).  "If, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits."  *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

---

[2] Specifically, the ALJ found Plaintiff could perform light work as defined in 20 C.F.R. 416.967(b) except:

he can never climb ropes, ladders, or scaffolds; he can occasionally kneel, crouch, and crawl; he is limited to frequent pushing and pulling with his right leg; he must avoid concentrated exposure to extreme cold, wetness, extreme heat, humidity, fumes, odors, dust, and gases; he can understand, remember, and carry out at least simple instructions and non-detailed tasks; he can maintain concentration for two hour segments over an eight hour period; he can respond appropriately to supervisors in a task-oriented setting where contact with co-workers and others is casual and infrequent; he can adapt to routine, simple work changes; and he can perform work at a normal pace without production quotas.

Tr. 20.

## DISCUSSION

Upon review, the Court finds the ALJ applied the correct legal standards and the ALJ's factual findings are supported by substantial evidence in the record as a whole.

### 1. ALJ did not err in weighing medical opinions

Plaintiff argues the ALJ erred by discounting the medical opinion of Plaintiff's treating physician, Dr. Escano-Brown, who specializes in psychology and treated Plaintiff for mental health impairments. The medical records submitted from Dr. Escano-Brown date back to April of 2011 and show Plaintiff met with Dr. Escano-Brown every one to three months from 2011 to early 2013. Dr. Escano-Brown submitted a Medical Source Statement (Mental) and Bipolar Questionnaire Form dated March 4, 2013 that opined Plaintiff suffers from moderate to extreme limitations in his ability to perform work on a regular and continuing basis in categories related to understanding and memory, sustained concentration, social interaction, and ability to adapt.[3] The ALJ gave Dr. Escano-Brown's opinions "little weight" finding her opinions expressing numerous marked and extreme limitations "are contrary to Dr. Escano-Brown's own treatment findings, and no reason is accorded on either form she submitted to explain this discrepancy[.]"

In determining whether a claimant is disabled, the ALJ considers the medical opinions in the case together with the rest of the relevant evidence. 20 C.F.R. § 416.927(b). The weight to

---

[3] Dr. Escano-Brown opined that Plaintiff suffers extreme limitations in his ability to understand and remember detailed instructions, maintain attention and concentration for extended periods of time, perform at a consistent pace and complete a workday and workweek without interruption from his psychological symptoms, and set realistic goals/plans independently of others; that Plaintiff suffers marked limitations in his ability to remember locations and work-like procedures, understand and remember very short and simple instructions, carry out detailed instructions, make simple work related decisions, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers without distracting them or exhibiting behavior extremes, and respond appropriately to changes in work setting; that Plaintiff suffers moderate limitations in his ability to his ability to carry out short and simple instructions, perform activities within a schedule and maintain regular attendance, work in coordination or proximity to others without being distracted, and be aware of normal hazards and take appropriate precautions; and that Plaintiff is not significantly limited in his ability to sustain an ordinary routine without special instruction, interact appropriately with the general public, ask simple questions or request assistance, maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness, and travel in unfamiliar places or use public transportation. Tr. 417-418.

Case 6:14-cv-03411-MDH   Document 13   Filed 10/22/15   Page 3 of 8

give to a particular medical opinion is determined by various factors such as the examining relationship, the nature and length of the treatment relationship, the support provided for the opinion, consistency, and specialization.  *Id.* at § 416.927(c).  The Eighth Circuit recently described the appropriate weight to afford opinions of treating physicians:

> The ALJ must give "controlling weight" to a treating physician's opinion if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." *Wagner v. Astrue*, 499 F.3d 842, 848–49 (8th Cir.2007) (internal quotation marks and emphases omitted). *See* S.S.R. 96–2p, Policy Interpretation Ruling, Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions, 1996 WL 374188 (July 2, 1996) ("Not inconsistent ... is a term used to indicate that a well-supported treating source medical opinion need not be supported directly by all of the other evidence (i.e., it does not have to be consistent with all the other evidence) as long as there is no other substantial evidence in the case record that contradicts or conflicts with the opinion.").

> "Even if the [treating physician's] opinion is not entitled to controlling weight, it should not ordinarily be disregarded and is entitled to substantial weight." *Samons v. Astrue*, 497 F.3d 813, 818 (8th Cir.2007). It may have "limited weight if it provides conclusory statements only, or is inconsistent with the record." *Id.* (citations omitted). The ALJ "may discount or even disregard the opinion ... where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions."

*Papesh v. Colvin*, 786 F.3d 1126, 1132 (8th Cir. 2015).

Here, the ALJ gave the opinions of Dr. Escano-Brown "little weight" because he found Dr. Escano-Brown's opinions were inconsistent with Dr. Escano-Brown's own treatment notes and the other medical evidence in the record.  The Court agrees with the ALJ that inconsistencies exist between Dr. Escano-Brown's treatment notes and Dr. Escano-Brown's medical source statement.[4]  The Eighth Circuit has held in similar situations that the ALJ did not err in

---

[4] For example, the significant limitations cited by Dr. Escano-Brown, *see supra* at n. 3, are in contrast to her treatment notes from the 18 visits she had with Plaintiff.  The mental status examination results contained in Dr. Escano-Brown's treatment notes show Plaintiff always presented as alert, cooperative, and answered all questions appropriately; was described as having "no active racing thoughts" or "clear, coherent, and goal directed" thought processes with "no looseness of association, tangentiality, grandiosity, or circumstantiality" on all but three

4

discounting the treating physician's opinion. *See, e.g., Anderson v. Astrue*, 696 F.3d 790, 793-94 (8th Cir. 2012) (ALJ did not err in discounting opinion of treating physician where opinion was conclusory in nature, contained significant limitations not reflected in treatment notes/medical records, and was inconsistent with daily activities); *Teague v. Astrue*, 638 F.3d 611, 615 (8th Cir. 2011) (ALJ did not err in discounting opinions of treating physician where cited limitations were not supported by clinical test results, observations, or other objective findings, were inconsistent with physician's own treatment notes, and were based on subjective complaints rather than objective findings); *Halverson v. Astrue*, 600 F.3d 922, 930 (8th Cir. 2010) (ALJ did not err in discounting opinions of treating physician where limitations were inconsistent with other medical evidence of record including physician's own treatment notes that generally showed normal mental status examinations); *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001) (ALJ did not err in discounting opinion of treating physician where limitations cited in MSS were not mentioned in numerous treatment records or supported by objective testing and where treatment notes suggested symptoms were "mild" and condition was generally controlled by medication).

Accordingly, the Court finds the ALJ did not err in discounting the opinions of Dr. Escano-Brown to the extent they were inconsistent with Plaintiff's RFC.[5] The ALJ's decision to discount Dr. Escano-Brown's opinion is supported by substantial evidence in the record as a whole and was within the available zone of choice.

---

occasions (Tr. 270, 272, 278); he exhibited no psychotic symptoms except for one visit where he was reportedly mildly grandiose (Tr. 270); he had good or intact memory on all occasions; he had good, fair, or intact concentration and attention on all but two occasions where he was easily distracted or had to be redirected to stay focused (Tr. 263, 278); he always showed either fair, good, or very good judgment and insight; and he reported active racing thoughts on only two occasions (Tr. 263, 265).

[5] The Court notes that Plaintiff's RFC still takes into account several functional limitations based on Plaintiff's mental impairments, although not the degree of limitations suggested by Dr. Escano-Brown – for example, Plaintiff is limited to understanding, remember, and carrying out only "simple" instructions and "non-detailed" tasks, maintaining concentration for mere two-hour periods at a time, participating in "task-oriented" settings with "casual and infrequent" contact with co-workers, adapting to mere "simple" and "routine" work changes, and is not permitted to work with production quotas. *Compare*, *supra*, at n. 2 *with*, *supra*, at n. 3.

Case 6:14-cv-03411-MDH   Document 13   Filed 10/22/15   Page 5 of 8

## 2. ALJ did not err in assessing Plaintiff's credibility

Plaintiff argues the ALJ's credibility assessment is "not sufficient" because "[t]he ALJ found Detherow less than credible for reasons not supported by the substantial evidence." An examination of the ALJ's decision shows the ALJ discussed the appropriate factors to consider in assessing credibility, citing to *Polaski v. Heckler*, 751 F.2d 943 (8th Cir. 1984) and 20 C.F.R. § 416.929, and ultimately found Plaintiff's statements concerning the intensity, persistence, and limiting effects of symptoms not entirely credible based upon Plaintiff's self-reported daily activities and functional abilities (Tr. 19-20), the fact that Plaintiff sustained part-time work for nine months after the alleged onset of disability (Tr. 20), the contrary medical evidence of record (Tr. 23), and the fact that certain symptoms had not yet lasted twelve months and were not expected to last longer than twelve months (Tr. 19, 22-23).

In evaluating the intensity and persistence of a claimant's symptoms, such as pain, the ALJ will assess the claimant's credibility. The Eighth Circuit has long required an ALJ to consider the following factors in evaluating a claimant's credibility: "(1) the claimant's daily activities; (2) the duration, intensity, and frequency of pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; (5) any functional restrictions; (6) the claimant's work history; and (7) the absence of objective medical evidence to support the claimant's complaints." *Buckner v. Astrue*, 646 F.3d 549, 558 (8th Cir. 2011) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). "The ALJ is not required to discuss each *Polaski* factor as long as the analytical framework is recognized and considered." *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004). "Questions of credibility are for the ALJ in the first instance" and "[i]f an ALJ explicitly discredits a claimant's testimony and gives a good

reason for doing so, we will normally defer to that judgment." *Whitman v. Colvin*, 762 F.3d 701, 707 (8th Cir. 2014).

The Court finds the ALJ provided good reasons, supported by substantial evidence in the record as a whole, to discount Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms insofar as those statements were inconsistent with the RFC. Plaintiff argues the ALJ erred by finding the medical evidence inconsistent with Plaintiff's reported mental limitations; however, as correctly noted by the ALJ, Plaintiff's longitudinal mental status examinations with Dr. Escano-Brown show functioning largely within normal limits with only short, mild, and sporadic episodes of self-reported elevated mental health symptoms. The ALJ's decision to discount Plaintiff's credibility on the basis that medical evidence does not fully support the degree of severity alleged by Plaintiff was not improper. *See Polaski*, 739 F.2d at 1322. Plaintiff next argues the ALJ erred by considering Plaintiff's part-time work to weigh against his credibility. The Court rejects this argument because any inconsistencies between a claimant's subjective complaints and activities – including the claimant's ability to work a part-time job – may diminish the claimant's credibility. *See Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005). Finally, Plaintiff claims the ALJ erred by considering the expected length of interferon treatment to weigh against Plaintiff's credibility, arguing "the expected length of treatment is not one of the *Polaski* factors" and "the length [of treatment] does not have any bearing on whether Detherow was a credible witness." The Court notes that duration, intensity, and frequency of symptoms as well as precipitating/aggravating factors are explicit *Polaski* factors. Thus, the ALJ did not err here by considering Plaintiff's interferon treatments to be an aggravating factor to Plaintiff's fatigue and increased mental

health symptoms and by discounting Plaintiff's statements concerning those symptoms because the interferon treatments were expected to "cease shortly" (Tr. 22).

Because the ALJ provided good reasons to discount Plaintiff's credibility, the ALJ's credibility determination is entitled to deference.

<h2 align="center">CONCLUSION</h2>

For the reasons set forth herein, there is substantial evidence on the record as a whole to support the ALJ's disability determination.  Accordingly, the Commissioner's denial of benefits is hereby **AFFIRMED**.

**IT IS SO ORDERED**.

Dated: October 22, 2015                     */s/ Douglas Harpool*
                                            **DOUGLAS HARPOOL**
                                            **UNITED STATES DISTRICT JUDGE**